# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTINA CRAWFORD,

     Plaintiff,                                    Case No. 2:25-cv-11746

-vs-                                               Hon.

MAGNA ELECTRONICS, INC.,

     Defendant.

_____

MICHAEL L. JONES (P85223)
**MARKO LAW PLLC**
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: 313-777-7529 / F: 313-470-2011
michael@markolaw.com
devynn@markolaw.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiff Christina Crawford, by and through her attorneys, Marko Law, PLLC, states for her Complaint against Defendant Magna Electronics, Inc., as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Christina Crawford is a resident of Macomb County, Michigan.

2.  Defendant Magna Electronics, Inc. is a foreign profit corporation doing business in the Eastern District of Michigan, with a principal place of business located at 2050 Auburn Road, Auburn Hills, Michigan 48326.

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

4.  This Court has supplemental jurisdiction over Plaintiff's related state law claims under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL § 37.1101 et seq., pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the unlawful employment practices occurred within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6.  Plaintiff was hired by Defendant in or around October 1, 2011 and remained employed until August 7, 2024.

7.  In 2017, Plaintiff was involved in a car accident and subsequently developed severe and chronic back pain, which later required a spinal cord stimulator and follow-up surgical procedures, including a revision and treatment for infection in 2024.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 470-2011

JM MARKO LAW

8. Plaintiff also suffers from pseudotumor cerebri, which has caused fluctuating hearing loss and severe high-frequency tinnitus.

9. Plaintiff's medical conditions constitute disabilities under the ADA and PWDCRA, and she was regarded as and had a record of being disabled.

10. Despite these impairments, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodation.

11. In May 2022, Defendant offered Plaintiff a lateral transfer to the position of Immigration and Global Mobility Specialist, which Plaintiff accepted and began on July 5, 2022.

12. On or about May 1, 2023 through June 25, 2023, Plaintiff requested protected leave under the Family Medical Leave Act for mental health and depression.

13. During this leave, Defendant hired an employee to replace Plaintiff.

14. Upon Plaintiff's return to work from protected leave, Defendant retaliated against her for taking leave by stripping the majority of her job duties.

15. In June 2023, Plaintiff requested a reasonable accommodation to work from home due to her tinnitus and hearing loss, supported by medical documentation from her audiologist.

16. Defendant responded by restricting Plaintiff's job duties, prohibiting her from speaking with employees or immigration attorneys, and subjecting her to unwarranted scrutiny.

17. On June 28, 2023, Plaintiff was placed on an Improvement Action Plan, falsely accusing her of performance issues and poor collaboration, despite a documented record of success and a recent commendation on August 16, 2023.

18. In October 2023, Plaintiff submitted an internal complaint regarding a hostile work environment, denial of promised compensation, and retaliation related to her disability and protected activity.

19. After Plaintiff went on FMLA leave in May 2024 due to complications from her spinal cord stimulator, her job responsibilities were stripped, and her role was posted and later changed to a Lead position, for which she was not considered.

20. Plaintiff was terminated on August 7, 2024, and offered a severance package of $29,376.

21. Plaintiff filed a charge with the EEOC on November 22, 2024, and received a Right to Sue letter on March 31, 2025.

## COUNT I – DISABILITY DISCRIMINATION
### (ADA and PWDCRA)

22. Plaintiff incorporates all preceding paragraphs.

23. Plaintiff has a disability, has a record of such disability, and/or was regarded as disabled.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

JM MARKO LAW

24. Defendant failed to reasonably accommodate Plaintiff's disability, including her request to work from home.

25. Defendant took adverse actions against Plaintiff, including subjecting her to a performance improvement plan, restricting her job duties, and ultimately terminating her because of her disability and/or need for accommodation.

26. Defendant's conduct constitutes unlawful disability discrimination in violation of the ADA and PWDCRA.

**COUNT II – FAILURE TO ACCOMMODATE**
**(ADA and PWDCRA)**

27. Plaintiff restates the preceding paragraphs.

28. Plaintiff requested reasonable accommodations in good faith.

29. Defendant failed to engage in the interactive process and failed to provide reasonable accommodations, such as working from home or access to training to assist with her communication challenges.

30. Defendant's actions violate the ADA and PWDCRA.

**COUNT III – RETALIATION**
**(ADA, PWDCRA, and Title VII)**

31. Plaintiff restates the preceding paragraphs.

32. Plaintiff engaged in protected activity when she requested accommodations and complained about disability discrimination and retaliation.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

33. Defendant retaliated against Plaintiff by increasing supervision, issuing a performance improvement plan, stripping job duties, and terminating her.

34. Defendant's actions were in direct retaliation for Plaintiff's protected activity and violate the ADA, PWDCRA, and Title VII.

### COUNT IV – HOSTILE WORK ENVIRONMENT
### (ADA and PWDCRA)

35. Plaintiff restates the preceding paragraphs.

36. Plaintiff was subjected to severe or pervasive conduct that created a hostile and abusive work environment based on her disability and requests for accommodation.

37. Defendant failed to prevent or remedy the hostile work environment despite Plaintiff's internal complaints.

38. Defendant's actions violate the ADA and PWDCRA.

### COUNT V – FMLA INTERFERENCE
### (29 U.S.C. § 2615)

39. Plaintiff restates the preceding paragraphs.

40. Plaintiff was entitled to protected leave under the FMLA.

41. Defendant interfered with Plaintiff's right to take protected leave by demoting her, removing duties, posting her position, and failing to restore her to an equivalent position.

42. Defendant's conduct constitutes FMLA interference.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

## COUNT VI – FMLA RETALIATION
### (29 U.S.C. § 2615)

43. Plaintiff restates the preceding paragraphs.

44. Plaintiff engaged in protected activity under the FMLA by taking leave related to her serious health condition.

45. Defendant retaliated against Plaintiff for exercising her FMLA rights by demoting her, excluding her from communications, and terminating her employment.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

A. Economic damages including lost wages and benefits;

B. Compensatory damages for emotional distress, humiliation, and mental anguish;

C. Liquidated damages under the FMLA;

D. Punitive damages under federal law;

E. Attorneys' fees and costs under 42 U.S.C. § 12205 and other applicable laws;

F. Pre-judgment and post-judgment interest;

G. Reinstatement or front pay;

H. Any other relief the Court deems just and proper.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury in this matter.

Respectfully submitted,

**MARKO LAW, PLLC**

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Date: June 11, 2025                              Email: michael@markolaw.com