UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA CRAWFORD,

     Plaintiff,                   Case No. 2:25-cv-11746

v.                              Hon. Brandy R. McMillion

MAGNA ELECTRONICS, INC.,      Magistrate Judge Kimberly G. Altman

     Defendant.

---

**DEFENDANT MAGNA ELECTRONICS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Magna Electronics, Inc. ("Magna"), through its undersigned counsel, answers Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Christina Crawford is a resident of Macomb County, Michigan.

**Answer:** Magna lacks knowledge or information sufficient to form a belief about the truth of this allegation, and on that basis denies.

2. Defendant Magna Electronics, Inc. is a foreign profit corporation doing business in the Eastern District of Michigan, with a principal place of business located at 2050 Auburn Road, Auburn Hills, Michigan 48326.

1

**Answer:** Admitted.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

**Answer:** Admitted only that Plaintiff alleges claims under these statutes, under which there is federal question jurisdiction. Otherwise denied, including insofar as Plaintiff implies she has valid claims under any of these statutes.

4.      This Court has supplemental jurisdiction over Plaintiff's related state law claims under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL § 37.1101 et seq., pursuant to 28 U.S.C. § 1367.

**Answer:** Admitted only that Plaintiff alleges a claim under this state law statute and that it purports to arise out of the same set of facts as the federal question claims. Otherwise denied, including insofar as Plaintiff implies she has valid claims under this statute.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the unlawful employment practices occurred within the Eastern District of Michigan.

**Answer:** Denied that there were unlawful employment practices. Admitted only that, under the claims as pled, venue is proper in this Court.

## GENERAL ALLEGATIONS

6.     Plaintiff was hired by Defendant in or around October 1, 2011 and remained employed until August 7, 2024.

**Answer:** Admitted.

7.     In 2017, Plaintiff was involved in a car accident and subsequently developed severe and chronic back pain, which later required a spinal cord stimulator and follow-up surgical procedures, including a revision and treatment for infection in 2024.

**Answer:** Magna lacks knowledge or information sufficient to form a belief about the truth of this allegation, and on that basis denies.

8.     Plaintiff also suffers from pseudotumor cerebri, which has caused fluctuating hearing loss and severe high-frequency tinnitus.

**Answer:** Magna lacks knowledge or information sufficient to form a belief about the truth of this allegation, and on that basis denies.

9.      Plaintiff's medical conditions constitute disabilities under the ADA and PWDCRA, and she was regarded as and had a record of being disabled.

**Answer:** Magna lacks knowledge or information sufficient to form a belief about the truth of this allegation, and on that basis denies.

10.      Despite these impairments, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodation.

**Answer:** Denied.

11.      In May 2022, Defendant offered Plaintiff a lateral transfer to the position of Immigration and Global Mobility Specialist, which Plaintiff accepted and began on July 5, 2022.

**Answer:** Denied that Magna offered Plaintiff a transfer in May 2022. Admitted only that Plaintiff began work as an Immigration and Global Mobility Specialist in or around July 5, 2022.

12.      On or about May 1, 2023 through June 25, 2023, Plaintiff requested protected leave under the Family Medical Leave Act for mental health and depression.

**Answer:** Admitted only that Plaintiff requested FMLA leave. Magna lacks knowledge or information sufficient to form a belief as to whether Plaintiff was entitled to protected leave under the FMLA or had the purported medical conditions identified and on that basis denies.

13.　During this leave, Defendant hired an employee to replace Plaintiff.

**Answer:** Denied.

14.　Upon Plaintiff's return to work from protected leave, Defendant retaliated against her for taking leave by stripping the majority of her job duties.

**Answer:** Denied.

15.　In June 2023, Plaintiff requested a reasonable accommodation to work from home due to her tinnitus and hearing loss, supported by medical documentation from her audiologist.

**Answer:** Admitted that Plaintiff submitted a request for accommodation to work from home, but denied that this was a reasonable accommodation. Otherwise, Magna lacks knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies.

16.     Defendant responded by restricting Plaintiff's job duties, prohibiting her from speaking with employees or immigration attorneys, and subjecting her to unwarranted scrutiny.

**Answer:** Denied.

17.     On June 28, 2023, Plaintiff was placed on an Improvement Action Plan, falsely accusing her of performance issues and poor collaboration, despite a documented record of success and a recent commendation on August 16, 2023.

**Answer:** Magna admits that Plaintiff was placed on an Improvement Action Plan on June 28, 2023. Otherwise denied.

18.     In October 2023, Plaintiff submitted an internal complaint regarding a hostile work environment, denial of promised compensation, and retaliation related to her disability and protected activity.

**Answer:** Admitted only that Plaintiff submitted an internal complaint purporting to allege a hostile work environment and raising compensation issues. Otherwise denied.

6

19.     After Plaintiff went on FMLA leave in May 2024 due to complications from her spinal cord stimulator, her job responsibilities were stripped, and her role was posted and later changed to a Lead position, for which she was not considered.

**Answer:** Admitted only that Plaintiff took leave. Otherwise denied.

20.     Plaintiff was terminated on August 7, 2024, and offered a severance package of $29,376.

**Answer:** Admitted.

21.     Plaintiff filed a charge with the EEOC on November 22, 2024, and received a Right to Sue letter on March 31, 2025.

**Answer:** Magna admits that Plaintiff filed a Charge with the EEOC on November 22, 2024. Magna lacks knowledge or information sufficient to form a belief about when Plaintiff received a Right to Sue letter, and on that basis denies that allegation.

## COUNT I - DISABILITY DISCRIMINATION
### (ADA and PWDCRA)

22.     Plaintiff incorporates all preceding paragraphs.

**Answer:** Magna incorporates by reference its answers to Paragraphs 1 through 21 of Plaintiff's Complaint as though fully set forth herein.

7

23. Plaintiff has a disability, has a record of such disability, and/or was regarded as disabled.

**Answer:** Denied.

24. Defendant failed to reasonably accommodate Plaintiff's disability, including her request to work from home.

**Answer:** Denied.

25. Defendant took adverse actions against Plaintiff, including subjecting her to a performance improvement plan, restricting her job duties, and ultimately terminating her because of her disability and/or need for accommodation.

**Answer:** Denied.

26. Defendant's conduct constitutes unlawful disability discrimination in violation of the ADA and PWDCRA.

**Answer:** Denied.

## COUNT II - FAILURE TO ACCOMMODATE
### (ADA and PWDCRA)

27. Plaintiff restates the preceding paragraphs.

**Answer:** Magna incorporates by reference its answers to Paragraphs 1 through 26 of Plaintiff's Complaint as though fully set forth herein.

28.     Plaintiff requested reasonable accommodations in good faith.

**Answer:** Denied.

29.     Defendant failed to engage in the interactive process and failed to provide reasonable accommodations, such as working from home or access to training to assist with her communication challenges.

**Answer:** Denied.

30.     Defendant's actions violate the ADA and PWDCRA.

**Answer:** Denied.

## COUNT III - RETALIATION
### (ADA, PWDCRA, and Title VII)

31.     Plaintiff restates the preceding paragraphs.

**Answer:** Magna incorporates by reference its answers to Paragraphs 1 through 30 of Plaintiff's Complaint as though fully set forth herein.

9

32. Plaintiff engaged in protected activity when she requested accommodations and complained about disability discrimination and retaliation.

**Answer:** Denied.

33. Defendant retaliated against Plaintiff by increasing supervision, issuing a performance improvement plan, stripping job duties, and terminating her.

**Answer:** Denied.

34. Defendant's actions were in direct retaliation for Plaintiff's protected activity and violate the ADA, PWDCRA, and Title VII.

**Answer:** Denied.

## COUNT IV - HOSTILE WORK ENVIRONMENT
### (ADA and PWDCRA)

35. Plaintiff restates the preceding paragraphs.

**Answer:** Magna incorporates by reference its answers to Paragraphs 1 through 34 of Plaintiff's Complaint as though fully set forth herein.

36. Plaintiff was subjected to severe or pervasive conduct that created a hostile and abusive work environment based on her disability and requests for accommodation.

**Answer:** Denied.

37. Defendant failed to prevent or remedy the hostile work environment despite Plaintiff's internal complaints.

**Answer:** Denied.

38. Defendant's actions violate the ADA and PWDCRA.

**Answer:** Denied.

## COUNT V - FMLA INTERFERENCE
### (29 U.S.C. § 2615)

39. Plaintiff restates the preceding paragraphs.

**Answer:** Magna incorporates by reference its answers to Paragraphs 1 through 38 of Plaintiff's Complaint as though fully set forth herein.

40. Plaintiff was entitled to protected leave under the FMLA.

**Answer:** Magna lacks knowledge or information sufficient to form a belief as to whether Plaintiff was entitled to protected leave under the FMLA and on that basis denies.

41.     Defendant interfered with Plaintiff's right to take protected leave by demoting her, removing duties, posting her position, and failing to restore her to an equivalent position.

**Answer:** Denied.

42.     Defendant's conduct constitutes FMLA interference.

**Answer:** Denied.

## COUNT VI - FMLA RETALIATION
### (29 U.S.C. § 2615)

43.     Plaintiff restates the preceding paragraphs.

**Answer:** Magna incorporates by reference its answers to Paragraphs 1 through 42 of Plaintiff's Complaint as though fully set forth herein.

44.     Plaintiff engaged in protected activity under the FMLA by taking leave related to her serious health condition.

**Answer:** Admitted only that Plaintiff took leave designated as FMLA leave. Otherwise, Magna lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's underlying conditions or reasons for taking leave and on that basis denies.

12

45.     Defendant retaliated against Plaintiff for exercising her FMLA rights by demoting her, excluding her from communications, and terminating her employment.

**Answer:** Denied.

## RELIEF REQUESTED

WHEREFORE, Magna denies that Plaintiff is entitled to any of the relief she requests, and Magna requests that judgment be entered for a no cause of action with costs and attorneys' fees to Magna.

13

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the particular allegations of the Complaint, and without conceding that it bears the burden of proof as to any issue, Magna asserts the following affirmative defenses to Plaintiff's Complaint:

1.     Plaintiff's claims may be barred in whole or in part because she failed to take advantage of preventive or corrective opportunities or failed to comply with legally-mandated processes and/or procedures.

2.     Plaintiff's hostile work environment claims are barred because she failed to provide adequate notice of the alleged harassing conduct.

3.     Plaintiff's hostile work environment claims are barred because Magna exercised reasonable care to prevent and correct promptly any harassment, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities to avoid harm otherwise.

4.     Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate alleged losses (her entitlement to recover for which is expressly denied). Furthermore, any claim for relief must be set off and/or reduced by wages, compensation, pay, other earnings and remunerations, profits, and benefits received by Plaintiff since her termination.

5.     Plaintiff's claims and/or damages are limited by the doctrine of after-acquired evidence.

14

6.      Plaintiff's claims are barred by the statute of limitations and/or laches.

7.      Magna had legitimate, non-discriminatory, and non-retaliatory reasons for its employment decisions.

8.      Plaintiff's accommodation requests would have been an undue hardship.

9.       Magna acted in good faith and reasonably.

10.     Magna would have made the same employment decisions regardless of Plaintiff's alleged protected status or protected activity.

11.     Plaintiff's complained-of acts do not constitute adverse actions.

12.     Any alleged harassment was not severe or pervasive.

13.     Plaintiff refused to engage in an interactive process.

Magna reserves the right to assert and does not waive any additional or further defenses as may be revealed during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

15

Dated: August 11, 2025                    Respectfully submitted,

                                          /s/ Thomas J. Davis
                                          Thomas J. Davis (P78626)
                                          Lauren Walas (P87669)
                                          KIENBAUM HARDY
                                          VIVIANO PELTON & FORREST,
                                          P.L.C.
                                          280 N. Old Woodward Ave., Ste. 400
                                          Birmingham, MI 48009
                                          (248) 645-0000
                                          tdavis@khvpf.com
                                          lwalas@khvpf.com

                                          *Attorneys for Defendant Magna
                                          Electronics, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Thomas J. Davis*
Thomas J. Davis

574358

17