UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA CRAWFORD,

    Plaintiff,

v.

MAGNA ELECTRONICS, INC.,

    Defendant.

Case No. 2:25-cv-11746

Hon. Brandy R. McMillion

Magistrate Judge Kimberly G. Altman

## JOINT CASE MANAGEMENT REPORT/DISCOVERY PLAN

**1.** **Related Cases.** There are no pending related cases or previously-adjudicated related cases.

**2.** **Jurisdiction.** The Court has federal question subject matter jurisdiction over Plaintiff's claims under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and the Family and Medical Leave Act ("FMLA"). The Court has supplemental jurisdiction over Plaintiff's claims under Michigan's Persons with Disabilities Civil Rights Act since they arise under the same case or controversy as the federal question claims.

**3.** **Factual Summary.** This is an employment discrimination and retaliation lawsuit. The core, dispositive factual issues are (1) the reasons for the alleged adverse actions identified in Plaintiff's Complaint, (2) whether Magna offered reasonable accommodations for Plaintiff's alleged disabilities, (3) whether

1

Plaintiff experienced a hostile work environment due to her alleged disabilities and requests for accommodation, and (4) whether Magna interfered with Plaintiff's rights under the FMLA.

**Plaintiff's brief summary**: Defendant employed Christina Crawford from October 1, 20211 – August 7, 2024 as an Immigration and Global Mobility Specialist. Ms. Crawford has chronic back pain from a 2017 car crash, requiring a spinal cord stimulator. She also has been diagnosed with pseudotumor cerebri causing hearing loss and severe tinnitus. These conditions constitute disabilities under ADA/PWDCRA.

In May 2023, Ms. Crawford requested FMLA leave for mental health issues/depression. In June 2023, Ms. Crawford requested an accommodation to work from home. That same month, she was placed on a PIP. He filed a complaint with HR in October 2023.

In May 2024, she requested a second FMLA leave for spinal cord stimulator complications. About two months later, Defendant fired Ms. Crawford. Plaintiff filed claims for disability discrimination (ADA/PWDCRA), failure to accommodate, retaliation, hostile work environment, FMLA interference, and FMLA retaliation.

2

**Defendant's brief summary**: During her tenure at Magna Electronics, Plaintiff requested FMLA leave on two occasions and was permitted to take it. She also asked to work from home, citing her alleged medical conditions. Again, Magna permitted Plaintiff to work from home. However, Plaintiff's performance was unsatisfactory, and she was repeatedly coached to improve it. When Magna underwent restructuring in August 2024, Plaintiff was among those laid off. There was no discrimination, no retaliation, and no hostile environment.

4. **Legal Issues.** The legal issues will generally involve the application of well-established law to facts under the relevant employment statutes. All claims are potentially appropriate for resolution by summary judgment motion.

5. **Amendment of Pleadings**. The parties do not currently anticipate any amended pleadings.

6. **Discovery.**

**(a) Summarize the discovery each party intends to pursue, including expert witnesses, the reasonable time needed for completion, and any anticipated disputes.**

Plaintiff intends to send request for production of documents for complete personnel files, performance reviews, disciplinary records, FMLA documentation, accommodation request records, internal complaint records, salary history, transfer documentation, severance documentation and communications, ADA accommodation policies, remote work policies, job descriptions, essential job

function analysis, Jennifer Karaskiewicz emails and communication, John Harju communications about Crawford's complaints and accommodations, management discussions about Crawford's request, performance, and termination, any medical information defendant obtained or requested, accommodation evaluation records, return-to work documentation, other employees with accommodations, particularly remote work arrangements, immigration department staffing and role changes during Crawford's employment, the "Lead Immigration Specialist" hire during Crawford's FMLA leave, performance management of other immigration staff, job posting timelines, termination decision and process.

Plaintiff intends to depose Jennifer Karaskiewicz, John Harju, Sara Trautman, Dr. Tiffany Inman, 30(b)(6) deposition on accommodation policies and procedures, HR decision-makers involved in termination, any witness to discriminatory comments or conduct. Plaintiff also will conduct a site inspection of where Plaintiff, supervisors, and HR worked.

Plaintiff intends to retain an economic expert and a psychiatric expert.

Magna may issue requests for production, interrogatories, and requests for admission to Plaintiff and intends to depose Plaintiff, any expert witnesses that she discloses, and any other individual identified by Plaintiff as possessing discoverable information. Magna may also issue subpoenas to third parties in accordance with Fed. R. Civ. P. 45 and may identify its own expert witnesses. Magna does not

4

concede that the information Plaintiff intends to seek is within the scope of discovery and reserves the right to object to any discovery requests within the time prescribed by the Federal Rules of Civil Procedure.

The parties believe that discovery can be completed within seven months of the Court's Case Management and Scheduling Conference. The parties do not currently anticipate any discovery disputes and will attempt to resolve any disputes that arise before seeking the Court's intervention, as required by Local Civil Rule 37.1.

**(b) Explain the arrangements for exchanging initial disclosures required by Fed. R. Civ. 26(a)(1)**

The parties will exchange their initial disclosures by October 3, 2025.

**(c) Indicate whether any changes should be made in the limitations on discovery imposed by the Federal and Local Rules**

The parties do not currently anticipate a need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure and Local Civil Rules, but reserve the right to request a change if there is good cause to do so.

**(d) Address whether there is a need to enter a protective order or a confidentiality order pursuant to Federal Rule of Evidence 502(d).**

The parties will prepare a stipulated protective order for the Court's approval that will memorialize their agreement regarding the protection of confidential information as well as procedures for asserting claims of privilege or protection and invoking the protections of Fed. R. Evid. 502(d).

7. **Electronic Discovery.** The parties have discussed the production of electronically stored information ("ESI") and have agreed as follows:

   a. Both parties possess discoverable ESI.

   b. Each party shall design and implement the methods it uses to identify, cull, and review potentially responsive ESI based on its knowledge and understanding of its own data, the facts and issued involved in the case, and the discovery requests it has received. A party may apply search terms to appropriate sources and may also conduct a targeted collection of sources likely to contain responsive materials. At the request of the other party, a party will promptly disclose the search terms and sources used to cull potentially responsive ESI.

   c. The parties will produce files in PDF format except that spreadsheets, PowerPoint presentations, audio, and video recordings shall be produced in native format.

   d. The parties will collect and produce text messages and social media messages using Decipher TextMessage or substantially similar software.

   e. Each page of each file shall be branded with a unique Bates number and confidentiality designation (if any) in a location that does not cover up any of the file's original content.

    f. A party may redact sensitive personal information – *i.e.*, protected health information, financial account numbers, dates of birth, home addresses, Social Security numbers, driver's license numbers, and passport numbers – from responsive files before production.

    g. The parties will meet and confer over a deadline for the exchange of privilege logs.

    h. The obligation to provide a log of privileged or work product materials pursuant to Fed. R. Civ. P. 26(b)(5) presumptively shall not apply to:

        i. Communications between a party and its counsel regarding this litigation;

        ii. Communications between a party's counsel and any expert or consultant retained for or consulted regarding this litigation; and

        iii. Documents created on or after the filing of Plaintiff's Complaint.

The parties do not believe entry of the Model Order Relating to Discovery of Electronically Stored Information is necessary in this case.

    **8. Settlement.** The parties are not interested in case evaluation. Facilitative mediation may be most helpful in evaluating settlement, once discovery has been largely completed.

    **9. Consent.** The parties do not consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this action.

10. **Trial.** This will be a jury trial. The parties can be ready for trial within four months of resolution of dispositive motions.

11. **Miscellaneous.** N/A.

Stipulated and agreed to:

| /s/Michael L. Jones | /s/ Thomas J. Davis |
|---|---|
| Michael L. Jones (P85223) | Thomas J. Davis (P78626) |
| MARKO LAW PLLC | Lauren J. Walas (P87669) |
| 220 W. Congress, 4th Floor | KIENBAUM HARDY VIVIANO |
| Detroit, MI 48226 | PELTON & FORREST, P.L.C. |
| (313) 777-7529 | 280 N. Old Woodward Ave., Ste. 400 |
| michael@markolaw.com | Birmingham, MI 48009 |
| | (248) 645-0000 |
| *Attorney for Plaintiff* | tdavis@khvpf.com |
| | lwalas@khvpf.com |
| Dated: September 11, 2025 | |
| | *Attorneys for Defendant Magna Electronics, Inc.* |
| | Dated: September 11, 2025 |

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Thomas J. Davis*
Thomas J. Davis
