UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA CRAWFORD,

    Plaintiff(s),

v.

MAGNA ELECTRONICS, INC.,

    Defendant(s).

Case No. 2:25-CV-11746
Hon. Brandy R. McMillion

_____/

## CASE MANAGEMENT REQUIREMENTS AND SCHEDULING ORDER

This civil case having come before the Court pursuant to Fed. R. Civ. P. 16 and the parties having submitted proposed discovery plan(s), the Court enters the following schedule to manage the progress of the case:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | October 3, 2025 |
| Deadline to Amend Pleadings | October 17, 2025 |
| Fact Discovery Cutoff | April 30, 2026 |
| Rule 26(a)(2) Proponent Expert Witness List/Disclosures/Report | May 29, 2026 |
| Rule 26(a)(2) Rebuttal Expert Witness List/ Disclosures/Report | June 29, 2026 |
| Expert Discovery Cutoff | July 29, 2026 |
| Deadline to Request Case Evaluation/Facilitation | July 29, 2026 |
| Dispositive Motions and Challenges to Experts | September 4, 2026 |
| Rule 26(a)(3) Pretrial Disclosures | October 16, 2026 |
| Motions *in Limine* | November 16, 2026 |

1

|  | Response briefs due 10 days after filing, but not later than November 30, 2026. Reply briefs due 5 days after responses are filed, but not later than December 7, 2026. |
|---|---|
| Joint Final Pretrial Order | December 2, 2026 |
| Final Pretrial Conference | December 16, 2026 at 2:00 p.m. |
| Trial Date | January 12, 2027 at 8:30 a.m. |
| Estimated Length of Trial | 5 days |
| ☒      Jury Trial | ☐      Bench Trial |

## CASE MANAGEMENT REQUIREMENTS

1. **LOCAL COUNSEL**: An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's office at (313) 234-5005.

2. **DISCOVERY CUTOFF:** Discovery must be served sufficiently **in advance** of the discovery cutoff so as to allow the opposing party sufficient time **to respond** under the Federal Rules of Civil Procedure prior to the close of discovery. The Court will not order discovery to take place after the cutoff date.

3. **DISCLOSURES:** Counsel should follow the following as it relates to disclosures under the Federal Rules of Civil Procedure:

2

a.  Pursuant to Rule 26(a)(1), Initial Disclosures, including all information required by 26(a)(1)(A)(i)-(iv) shall be exchanged by the date identified in this order, but in any event, no later than 14 days following the 29(f) scheduling conference per Rule 26(a)(1)(C).

b.  Expert Witness Disclosures are required for all experts who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," and must provide a written report under Rule 26(a)(2)(B); and any other expert, including treating physicians, who do not have to provide a report but must make a disclosure under Rule 26(a)(2)(D)(i). Expert Witness Disclosures shall be provided by the date identified in this order, but in any event, no later than 90 days before trial per Rule 26(a)(2)(D)(i).

c.  Pretrial Disclosures (including all witnesses and experts) under Rule 26(a)(3)(A)(i)-(iii) shall be filed by the date identified in this order, but in any event, no later than 30 days before trial per Rule 26(a)(3)(B).

Failure to comply with the deadlines set forth herein could result in sanctions.

4.  **DISCOVERY DISPUTES:**  Discovery motions shall not be filed without leave of the Court and until the parties have complied with the following:

a.  The parties must meet and confer in a good-faith effort to resolve their differences without Court intervention. An email exchange is **<u>not</u>** a meet and confer. Failure of a party to make itself available for this conference may result in sanctions.

b.  In the event these good-faith efforts are unsuccessful, the moving party is required to schedule a telephone conference with the Court in a further effort to resolve the discovery dispute prior to filing any motion. Counsel shall contact the Court's Case Manager by email with a brief summary of the dispute to schedule the conference. Counsel should not contact the Case Manager until Step One is complete. At least 24 hours prior to the conference, each side shall submit a one-page summary of the dispute via the link for proposed orders located under the Utilities section of CM/ECF. The parties should also exchange their summaries at that time. If the conference is scheduled within 48 hours of the

parties' request, the parties are to submit and exchange their summaries as soon as possible.

c. If the dispute still cannot be resolved following the telephone conference with the Court, the Court will grant leave to file a discovery motion. The Court will then either entertain or refer the relevant discovery motion to the assigned magistrate judge. The motion must attach a complete copy of the discovery requests and responses in dispute. If the motion involves a deposition that has already taken place, the motion must attach a complete transcript.

Failure to comply with these steps may result in an award of costs and reasonable attorney's fees against the non-complying party.

5. **PROTECTIVE ORDERS**: If a protective order is necessary, the Court encourages the parties to stipulate to a proposed order and submit it to the Court for review. The proposed order must include language that references Local Rule 5.3. Protective orders may not contain language that authorizes in advance the filing of documents under seal. Filings under seal are governed by Local Rule 5.3, and the Court requires that those procedures be followed. Where possible, the parties are encouraged to utilize redactions over sealing.

6. **EXTENSIONS OF TIME**: Parties may agree to extend the discovery cutoff deadline by filing a stipulation and order with the Court provided the extension of time does not affect the motion cutoffs, final pretrial conference, or trial dates. Extensions or adjournments of dates other than the discovery cutoff will be considered upon the filing of a motion or stipulation setting forth in detail the factual basis for the request.

7.     **BRIEFING GUIDELINES AND REQUIREMENTS**:  The Court does not ordinarily set a briefing schedule for motions except for motions *in limine* as described in this Scheduling Order. Unless specifically addressed in the Court's Notice of Hearing, the time limits prescribed in Local Rule 7.1(e) apply for filing responses and replies to motions. Sur-replies are generally not permitted. Requests for extensions of time may be made by filing a concise stipulation and order explaining the specific reasons why such an extension is necessary. Such a stipulation and order must be filed at least one week before a brief is due.

All briefs shall strictly comply with Local Rules 5.1 and 7.1. The Court does not routinely grant requests to file longer briefs. Requests to file an oversized brief may be made by filing a concise stipulation and order or *ex parte* motion explaining the specific reasons why additional pages are necessary. Such a stipulation and order or *ex parte* motion must be filed <u>at least one week before</u> a brief is due.

All briefs must contain a table of contents, a table of authorities, and an index. Counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts. References in briefs to an argument or statement made by an opposing party must include a specific citation to the docket and page numbers of the matter referenced.

8.     **COURTESY COPIES:**  A courtesy copy of all motions and briefs including exhibits must be sent to chambers via First-Class Mail the same day the

document is e-filed, or hand-delivered not later than the next business day after the document is e-filed. The courtesy copy should consist of the actual e-filed document and contain the electronic file stamp on the top of each page. Courtesy copies may be bound in any manner other than a prong fastener, or 3-hole punched and provided in an appropriate 3-ring binder. The Court will not accept documents loosely secured with a rubber band or binder clip. All filings, including exhibits must be labeled and may be printed double sided. Relevant portions of exhibits must be highlighted.

Along with the courtesy copy, the filing party must include copies of the main cases and other authority that support its legal position(s). The filing party must highlight the relevant portion(s) of these authorities.

9.      **NOTICE TO COURT OF RESOLUTION OF MOTION:**  If the parties have resolved an issue that is the subject of a pending motion, the parties must notify chambers in writing by the next business day. The parties should e-mail the Court's Case Manager indicating that the issue has been resolved and that the parties no longer wish to move forward with the motion.

10.      **CASE EVALUATION/FACILITATION**: Parties may stipulate to case evaluation, mediation, private facilitation, or request a settlement conference with the District or Magistrate Judge at any time. In all cases, a brief status conference will be conducted shortly after the close of discovery to discuss settlement options.

11.     **MOTIONS *IN LIMINE* AND CHALLENGES TO EXPERTS**:

Motions *in limine* are to be filed by the date set forth in this Scheduling Order.

Response briefs to motions *in limine* are due ten (10) days after the motion is filed

and reply briefs are due five (5) days after the filing of a response brief. Such motions

are not to recast issues previously presented in summary judgment or discovery

motions. Rather, motions *in limine* serve the limited purpose of alerting the Court to

significant evidentiary issues that should be addressed prior to trial. The Court will

generally decide motions *in limine* at the Final Pretrial Conference, but will exercise

its discretion in deferring a decision until trial.

Challenges to expert witnesses under FRE 702, 703, or 705 are due no later

than the summary judgment deadline.

12.     **MOTIONS FOR SUMMARY JUDGMENT**:  When filing motions

for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,

parties must proceed in accordance with the following:

Statement of Material Facts on Motion for Summary Judgment

a.      The maker of the motion must include a Statement of Material Facts. In short, concise, and numbered paragraphs, the maker of the motion must set forth the material facts that the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for striking the motion or denying it.

b.      The party opposing the motion must respond to each numbered paragraph in the moving party's statement. The numbering in the opposing party's response should correspond to the numbering in the motion. The opposing party may add additional paragraphs containing

separate, short, and concise statements of additional material facts, if this is necessary to demonstrate there exists a genuine issue to be tried.

c. Each numbered paragraph in the moving party's Statement of Material Facts will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement served by the opposing party.

d. Each Statement of Material Fact – whether set forth by the maker of the motion or the party opposing the motion – must be followed by citation to interrogatory answers, depositions, documents, affidavits, declarations, stipulations, admissions, electronically stored information, or other information which would be admissible under Federal Rules of Civil Procedure 56(e), in support of each claim or defense asserted. Attached appendices must contain an index and be tabbed.

Counsel are discouraged from employing lengthy, boilerplate recitations of the summary judgment standard or string citations in support of well-established legal principles. Instead, counsel should focus analysis on a few well-chosen cases, preferably recent and from controlling courts. Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

13. **JURY INSTRUCTIONS**: The parties are to meet and confer prior to trial to prepare final jury instructions. The parties should make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement on a single stipulated set of final instructions. The parties are advised to consult Federal Jury Practice and Instructions (available on Westlaw in the FED-JI database) or Modern Federal Jury Instructions (available on Lexis in the

MOFEJI database), and, to the extent that Michigan law governs, the Michigan Civil Jury Instructions.

Stipulated final jury instructions (as well as any instructions that are in dispute) are to be submitted to the Court in the Joint Bench Book in the manner described below **at least one (1) week before the Final Pretrial Conference**. At this same time, the parties shall e-file a copy of their stipulated jury instructions on the court's public docket. In addition, counsel should send copies to the Court's Case Manager via electronic mail (Leanne_Hosking@mied.uscourts.gov) in Microsoft Word format.

14. **JOINT FINAL PRETRIAL CONFERENCE, JOINT FINAL PRETRIAL ORDER, JOINT BENCH BOOK, AND EXHIBIT BINDERS:** Counsel should follow the guidelines below related to the Final Pretrial Conference, Joint Final Pretrial Order, Joint Bench Book, and Exhibit Binders:

   a. Trial counsel and all parties who are (i) natural persons; (ii) a representative with full and final settlement authority on behalf of each party that is not a natural person; (iii) a representative with full and final settlement authority on behalf of each insurance carrier that has undertaken the prosecution or defense of the case and/or has contractually reserved to itself the right to settle the action; and/or (iv) a representative authorized to act on behalf of each party that is a governmental entity must be present at the Joint Final Pretrial Conference **and** have settlement authority.

   b. The parties are to strictly adhere to Local Rule 16.2 in preparing a Joint Final Pretrial Order ("Joint Order"), except as this Court may otherwise provide. Briefly, Local Rule 16.2 requires that the

Joint Order contain the following information: (1) jurisdiction, (2) plaintiff's claims, (3) defendant's claims, (4) stipulation of facts, (5) issues of fact to be litigated, (6) issues of law to be litigated, (7) evidentiary problems likely to arise at trial, (8) a witness list, (9) an exhibit list and any objections, (10) an itemization of damages, (11) type of trial (e.g., jury) and its estimated length, and (12) details regarding the most recent settlement effort. The parties are directed to Local Rule 16.2 for further details. The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF **no later than two (2) weeks** before the date of the Final Pretrial Conference.

c.    Counsel are also to submit a Joint Bench Book and a courtesy copy of exhibit binders **one (1) week prior to the Final Pretrial Conference**. The parties should work together to complete the Joint Bench Book and it should include the following separately identified sections:

    1.    **Administrative Section**

        a.    Identify the parties, representatives, and attorneys, including firm names;

        b.    Estimate the length of trial in half-day blocks; and

        c.    Give a brief description of any miscellaneous matters of which the Court should be aware, e.g., accommodations for disabled witnesses.

    2.    **Theory of the Case**

        a.    Prepare a brief joint theory of the case to be used to advise the jury of the nature of the action. The Court will read this theory to the jury before voir dire.

    3.    ***Voir Dire***

        a.    List of inquiries specific to the cause(s) of action that each party would like the Court to make.

4. **Witness List**

    a.    List witnesses reasonably expected to be called for each party, specifically identifying experts, including the anticipated length of direct and cross-examination of each witness. Addition of witnesses after the Final Pretrial Conference can only be done by stipulation or by motion upon the showing of good cause.

5. **Final Jury Instructions and Verdict Form**

    a.    A complete, single set of the proposed final jury instructions and proposed verdict form on which the parties have reached agreement; and

    b.    Any proposed instructions on which there is a disagreement. For each such instruction, the party proposing the instruction should include the instruction and the authority supporting the instruction. The party opposing the instruction should include (1) an alternate instruction and/or (2) a concise statement explaining its objection to the proposed instruction, and the authority upon which it relies.

6. **Evidentiary/Legal Issues**

    a.    Submit a statement of anticipated legal/evidentiary issues on which you believe the Court will need to rule during the course of trial.

7. **Trial Briefs**

    a.    Each party should include a copy of its trial brief.

8. **Proposed Findings of Fact and Conclusions of Law**

    a.    In non-jury trials, each party should separately include its proposed findings of fact and conclusions of law.

11

     d.     In addition to the Joint Bench Book counsel are to prepare and submit to the Court at the Final Pretrial Conference a copy of separate exhibit binder(s) for each party. The exhibit binder(s) shall include:

     1.     A table of proposed exhibits, indicating which are stipulated exhibits and which exhibits the parties are lodging objections[1]; and

     2.     Each exhibit included under a separate, identified tab. If the exhibits are voluminous (more than two large 4-inch binders), they should be submitted on a thumb drive. However, one physical copy must be present for the jury.

15.    **VOIR DIRE AND CASE DESCRIPTION:** It is the Court's practice to conduct *voir dire*. The Court will allow counsel to submit questions specific to the case as part of the Joint Bench Book. Counsel may submit a list of no more than fifteen (15) other inquiries specific to the cause(s) of action that they want the Court to include.

Counsel shall also prepare a brief two-to-three paragraph joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of *voir dire*. This statement should simply describe the nature of the claims and defenses in a general fashion and should not be argumentative. The *voir dire* materials and case statement should be submitted in the Joint Bench Book presented to the Court one week before the Final Pretrial Conference. They are also

---

[1] Under Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be waived if not raised before trial.

12

to be submitted to the Case Manager via e-mail (Leanne_Hosking@mied.uscourts.gov) in Microsoft Word format.

16. **EXHIBITS:**

    a.    Counsel are required to mark all proposed exhibits in advance of trial. The preferred method is to use the traditional "Plaintiff's Exhibit" and "Defendant's Exhibit" in sequential order, but any clearly marked method is acceptable (e.g., numbers and letters). The parties are required to exchange marked exhibits one (1) week prior to the start of trial.

    b.    Counsel are required to keep track of all admitted exhibits during trial. Counsel must confer and maintain one set of admitted exhibits which should be ready to be turned over to the jury prior to the closing jury instructions.

    c.    On the first day of trial, the parties are to provide the Court with a set of the marked exhibits. They are to be placed in a three-ring binder with the exhibit number displayed prominently on the tab corresponding to the exhibit. The binder should include an index which adheres to the following format:

| Exhibit # | Description | Objection(s) | Received |
|---|---|---|---|

    An "S" is to be placed in the column labeled "Received" for all stipulated exhibits.

    d.    The provisions of Federal Rule of Civil Procedure 37(c)(1) will apply for failure to list an exhibit.

17. **CIVILITY:** The Court expects compliance with this District's Civility Principles. Conduct inconsistent with the letter and spirit of those principles will not be tolerated. Counsel will treat all litigation participants, and each other, with professionalism, courtesy, and respect at all times. This includes what is written as

well as what is said.

**IT IS SO ORDERED.**

s/Brandy R. McMillion
BRANDY R. MCMILLION
UNITED STATES DISTRICT JUDGE

Dated:  September 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2025, by electronic means and/or ordinary mail.

s/L. Hosking
Case Manager

14